ORIGINAL
Paid
99

1   LARA R. SHAPIRO (State Bar No. 227194)
2   4145 Via Marina # 324
    Marina del Rey, CA 90292
3   Telephone:  (310) 577-0870
4   Facsimile:  (424) 228-5351

ADR

**FILED**

FEB 2 2 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

BY FAX

5   *Of Counsel to*
6   Lemberg & Associates LLC
    A Connecticut Law Firm
7   1100 Summer Street
8   Stamford, CT  06905
    Telephone:  (203) 653-2250
9   Facsimile:  (203) 653-3424

10
11  Attorneys for Plaintiff,
    Sandy Conradsen
12
13
14          UNITED STATES DISTRICT COURT
15           NORTHERN OF CALIFORNIA
                SAN JOSE DIVISION
16
17
                                              HRL
18  Sandy Conradsen,                    Case No:  C10 - 00749
19              Plaintiff,              COMPLAINT FOR DAMAGES
20                                      1. VIOLATION OF FAIR DEBT
        vs.                            COLLECTION PRACTICES ACT,
21                                      15 U.S.C. § 1692 ET. SEQ;
22  Rickenbacker Group; and             2. VIOLATION OF FAIR DEBT
    DOES 1-10, inclusive,              COLLECTION PRATICES ACT,
23                                      CAL.CIV.CODE § 1788 ET. SEQ.
24              Defendants.
                                        **JURY TRIAL DEMANDED**
25
26
27
28

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Sandy Conradsen, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Sandy Conradsen (hereafter "Plaintiff"), is an adult individual residing in El Cajon, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Rickenbacker Group (hereafter "Defendant"), is a company with an address of 15005 Concord Circle, Morgan Hill, California 95037, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

COMPLAINT FOR DAMAGES

6.     Does 1-10 (the "Collectors") are individual collectors employed by Rickenbacker Group and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Rickenbacker Group at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     A financial obligation (the "Debt") was incurred to a creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Rickenbacker Group for collection, or Rickenbacker Group was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

COMPLAINT FOR DAMAGES

**B.**   **The Defendant Engages in Harassment and Abusive Tactics**

12.   The Defendant called the Plaintiff asking for an individual unknown to the Plaintiff.

13.   The Defendant stated that the Plaintiff must pay the Debt she did not incur.

14.   The Defendant called the Plaintiff over four (4) times per week.

15.   The Defendant called the Plaintiff after the Plaintiff informed the Defendant that she no longer wanted to be contacted.

16.   The Defendant has called the Plaintiff for over four (4) months after being informed that the Debt was not incurred by the Plaintiff.

**C.**   **Plaintiff Suffered Actual Damages**

17.   The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.   As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.   The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

COMPLAINT FOR DAMAGES

20.     The Defendant has not sent the Plaintiff a letter within the first five

(5) days after the initial communication notifying the Plaintiff of her rights.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

21.     The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

22.     The Defendants caused a phone to ring repeatedly and engaged the

Plaintiff in telephone conversations, with the intent to annoy and harass, in

violation of 15 U.S.C. § 1692d(5).

23.     The Defendants misrepresented the character, amount and legal status

of the debt, in violation of 15 U.S.C. § 1692e(2).

24.     The Defendants attempted to collect an amount not authorized by the

agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

25.     The Defendants' conduct violated 15 U.S.C. § 1692f(5) in that

Defendants caused charges to be made to the Plaintiff.

26.     The Defendants' conduct violated 15 U.S.C. § 1692f(6) in that

Defendants threatened to unlawfully repossess or disable the Plaintiff's property.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that

Defendants failed to send the Plaintiff a validation notice stating the amount of the

Debt.

COMPLAINT FOR DAMAGES

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been validated.

33.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

COMPLAINT FOR DAMAGES

# COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

35.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.    The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

37.    Rickenbacker Group, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

38.    The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

39.    The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

40.    The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

41.    The Defendants attempted to collect a debt from the Plaintiff although the debt had not been assigned to the Defendant for collection, in violation of Cal. Civ. Code § 1788.13(l).

COMPLAINT FOR DAMAGES

42.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

43.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or

COMPLAINT FOR DAMAGES

1  negligent invasions of privacy in an amount to be determined at trial

2  for the Plaintiff;

3

4  G. Punitive damages; and

5  H. Such other and further relief as may be just and proper.

6

7  **TRIAL BY JURY DEMANDED ON ALL COUNTS**

8

9

10

11  DATED:  February 22, 2010                LARA SHAPIRO

12

13

14  By:___/s/___Lara R. Shapiro_____
    Lara R. Shapiro

15

16  Attorney for Plaintiff
    Sandy Conradsen

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES